UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RICHARD JAMES HETTLER,

Petitioner,

v.

SHERYL RAMSTAD HVASS,

Respondent.

Civil File No. 00-1534 (PAM/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On February 4, 1999, Petitioner pled guilty in the state district court for Hennepin County, Minnesota, to charges of "alleged theft by swindle" and "felony child support." He was sentenced to 33 months in state prison, and he is currently serving his sentence at the Minnesota Correctional Facility at Lino Lakes. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

[1] Rule 4 provides that

"[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUL 12 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

Petitioner claims that he tried to appeal his conviction to the Minnesota Court of Appeals, but his appeal failed because prison personnel intercepted his mail. (Petition, p. (3); ¶ 9.) Petitioner later filed a post-conviction motion in the trial court, in which he alleged "constitutional -- fraud on proceedings." (Petition, p. (3), ¶ 11(a).) The post-conviction motion was denied, and Petitioner did not appeal the trial court's ruling. (Petition, p. (4), ¶s 11(a)(5) and 11(c)(1).)

On or about January 27, 2000, Petitioner filed a second post-conviction motion with the trial court, this time alleging "constitutional – validated fraud & conspiracy by respected counsel (letters furnished) who said I was framed to keep another party from going to prison." (Petition, p. (4), ¶ 11(b).) Petitioner's second post-conviction motion is still pending before the trial court judge, awaiting a final ruling. (Id.)

On June 26, 2000, Petitioner filed his present application for federal habeas corpus relief. The instant petition lists six grounds for relief, which Petitioner describes as follows: (1) "conviction unlawfully induced," (2) "coerced confession," (3) "evidence gathered via an unlawful search & seizure," (4) "conviction obtained by use of evidence obtained pursuant to an unlawful arrest and failure of prosecution to disclose evidence to Petitioner," (5) "denial of effective assistance of counsel," and (6) "denial of right to appeal." (Petition, pp. (5)-(6), ¶ 12.) The merits of these claims will not be addressed, however, because the Court finds that Petitioner has not fairly presented all of his claims to the Minnesota state courts. Instead, it will be recommended that the instant petition be summarily dismissed, without prejudice, for non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 119 S.Ct. at 1732; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that Petitioner has not exhausted his state court remedies with regard to any of his current claims for relief, because none of his claims has ever been presented to any Minnesota appellate court. See O'Sullivan, 119 S.Ct. at 1732

("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

Because of the filing deadlines established by state procedural rules, (see Minn. R. App. P. 104.01, subd. 1 and 117, subd. 1), it may now be too late for Petitioner to present some of his claims to the state appellate courts. Any claim that the state appellate courts would refuse to address on the merits due to Petitioner's non-compliance with state procedural requirements would be a procedurally defaulted claim. See Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992); Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court"). A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

While most of Petitioner's current claims appear to have been procedurally defaulted because they were not presented to the state appellate courts in a timely manner, at least one claim might still be viable. The one claim that appears to be currently unexhausted, but not procedurally defaulted (so far), is the ineffective assistance of counsel claim set forth at ground 5 of the current petition. That claim presumably is the same one that Petitioner has raised in his second state post-conviction motion.[2] The post-conviction motion is still pending before the trial court, so it is still possible that Petitioner's ineffective assistance claim might be addressed on the merits at some level of the state court system. If the trial court denies the claim, Petitioner may still be able to seek and obtain appellate review of the claim, if he timely appeals to the Minnesota Court of Appeals, and (if necessary) to the Minnesota Supreme Court. Because the state courts might still consider his ineffective assistance of counsel claim on the merits, that claim must be viewed as merely an unexhausted claim, rather than a procedurally defaulted claim.

Petitioner apparently believes that the ineffective assistance claim presented in his second post-conviction motion should be deemed to be exhausted, simply because the

---

[2] Petitioner has not clearly explained the ineffective assistance claims raised in his current petition and in his second state post-conviction motion, so the Court cannot be entirely sure that the two claims are, in fact, the same. However, the Court will give Petitioner the benefit of the doubt and assume that the claim he is bringing here is the same as the one he has raised in his second post-conviction motion.

trial court has not yet ruled on it. The Court disagrees. The second post-conviction motion was filed only a few months ago, and there is no indication that Petitioner has ever asked the trial court about the status of the matter. There also is no indication that Petitioner has tried to compel the trial court to rule on his second post-conviction motion. See State v. Davis, 592 N.W.2d 457, 459 (Minn. 1999) (suggesting that state appellate courts can issue mandamus orders compelling state district courts to perform non-discretionary duties). Furthermore, even if the trial court's silence could be treated as a de facto denial of Petitioner's motion, he would still have to seek appellate review in the state courts before seeking federal habeas corpus review. Thus, the Court concludes that Petitioner has not given the state courts a fair opportunity to consider and decide the ineffective assistance of counsel claim that he has attempted to raise in his second post-conviction motion. In short, the claim is still unexhausted.

Because Petitioner's ineffective assistance of counsel claim is unexhausted, (and not, as of now, procedurally defaulted), the instant petition must be viewed as a "mixed petition." It will therefore be recommended that the petition be summarily dismissed for non-exhaustion of state court remedies. Rose, 455 U.S. at 510, 522.

It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can complete his pending state post-conviction proceedings, including appeals to the State Court of Appeals and Supreme Court. He can then return to federal court, if necessary, with a new petition that raises only fully-exhausted claims.

See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[3]

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 8.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). For the same reason, Petitioner's self-styled "Motion For Stay of Execution," (Docket No. 3), and his Motion For Appointment of Counsel, (Docket No. 4), will also be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

2. Petitioner's "Motion For Stay of Execution," (Docket No. 3), be DENIED;

---

[3] If Petitioner finds it necessary to return to federal court after fully exhausting his state court remedies, he should bear in mind that any procedurally defaulted claims included in his new petition will not be considered, unless he can satisfy Coleman's "cause and prejudice" or "miscarriage of justice" requirement. See pp. 4-5, supra.

3. Petitioner's Motion For Appointment Of Counsel, (Docket No. 4), be DENIED; and

4. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 8), be DENIED.

Dated: July 12, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.