UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard James Hettler,

Civil File No. 00-1534 (PAM/SRN)

Petitioner,

v.

**MEMORANDUM AND ORDER**

Sheryl Ramstad Hvass,

Respondent.

---

This matter is before the Court upon Petitioner Richard James Hettler's Application for Certificate of Appealability ("COA") to allow appeal of this Court's order denying his motion pursuant to 28 U.S.C. § 2254. For the reasons stated below, Petitioner's Application is denied.

**BACKGROUND**

On February 4, 1999, Petitioner pled guilty in the state district court for Hennepin County, Minnesota, to charges of "alleged theft by swindle" and "felony child support." (Petition, p. (2), ¶¶ 1-2, 4-5.) He was sentenced to 33 months in state prison. (Petition, p. (2), ¶ 3.) On June 26, 2000, Hettler filed an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on the following grounds: (1) "conviction unlawfully induced," (2) "coerced confession," (3) "evidence gathered via an unlawful search & seizure," (4) "conviction obtained by use of evidence obtained pursuant to an unlawful arrest and failure of prosecution to disclose evidence to Petitioner," (5) "denial of effective assistance of counsel," and (6) "denial of right to appeal." (Petition, pp. (5)-(6), ¶ 12.) The

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

matter was assigned to Magistrate Judge Susan Richard Nelson, who found that the petition could not properly be entertained because Petitioner had not fairly presented all of his claims to the Minnesota state courts and thereby failed to exhaust his state court remedies. Magistrate Judge Nelson recommended that the petition be summarily dismissed without prejudice. (See July 12, 2000 Report and Recommendation.) Petitioner filed objections to the Report and Recommendation. (See Clerk Doc. No. 12.) Ultimately, this Court dismissed the petition without prejudice, as recommended by Magistrate Judge Nelson. (See September 5, 2000 Order.) Petitioner subsequently filed a notice of appeal, seeking appellate review of the order dismissing his petition.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not necessarily be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the petitioner must satisfy a higher standard. The petitioner must show that the issues to be raised on appeal are "debatable among reasonable

jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998).

As amply explained in Magistrate Judge Nelson's Report and Recommendation, Petitioner's application for habeas relief cannot properly be entertained in federal court because it includes claims that have not been fairly presented to, and decided on the merits by, any Minnesota appellate court. Petitioner objected to the Report and Recommendation, arguing that because he mailed a timely appeal of his conviction on May 4, 1999, but prison officials intercepted it so it never reached the Minnesota Court of Appeals, and because he has received no status report on his pending second post-conviction motion filed earlier this year, his petition should not have been dismissed for non-exhaustion. (See Br. In Supp. Obj. at 3-4, 6.) "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," this Court disagrees with Petitioner. O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." Id. When denial of a habeas petition results from the petitioner's failure to exhaust state remedies, denial of the certificate should follow almost as a matter of course. See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996) (denying certificate of

appealability where petitioner failed to exhaust state remedies); Lindsey v. Thigpen, 875 F.2d 1516, 1517 (11th Cir. 1989) (finding that defendant whose petition was denied on the ground that he had failed to exhaust all available state court remedies was not entitled to certificate of probable cause to appeal); Nesbitt v. D.C., 1994 WL 704228, at * 1 (D.C. Cir. 1994) (denying certificate for failure to exhaust local remedies); Fuentes v. Cox, 1996 WL 226083, at *2 (D.P.R. 1996) (denying same). The Section 2254 command that petitioners first exhaust state remedies before filing a federal habeas corpus petition "is both mandatory and jurisdictional." Fuentes, 1996 WL 226083, at *2 (citing Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986) and McCarthy v. Harper, 449 U.S. 1309, 1310-11 (1981)). Essentially, when petitioners fail to exhaust state remedies they are barred from claiming that a federal right has been denied, and thus, from obtaining a certificate of probable cause to appeal. In his motion for a certificate, Hettler has not even addressed the Court's determination that he failed to exhaust the remedies available to him. The Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and therefore, he is not entitled to a COA. See 28 U.S.C. § 2253(c)(2).

**CONCLUSION**

For the foregoing reasons, and upon all the files, records, and proceedings herein, the Court denies Petitioner's Application.

Accordingly, **IT IS HEREBY ORDERED** that:

Petitioner Richard James Hettler's Application for a Certificate of Appealability

(Clerk Doc. No. 16) is **DENIED**.

Dated: October 20, 2000

Paul A. Magnuson
United States District Court Judge