UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard James Hettler, Civil File No. 00-1534 (PAM/SRN)

Petitioner,

v. **ORDER**

Sheryl Ramstad Hvass,

Respondent.

---

This matter is before the Court upon Petitioner Richard James Hettler's motion pursuant to Federal Rule of Civil Procedure 60(b) (2), (3), (5), and (6) to vacate/set aside this Court's Order of October 20, 2000, which denied Petitioner a Certificate of Appealability. Petitioner also renews his request to proceed in forma pauperis and for a court-appointed counsel.

According to Federal Rule of Civil Procedure 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Federal Rule of Civil Procedure 59(b); (3) fraud [], misrepresentation, or other misconduct of an adverse party; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment...." Fed. R. Civ. P. 60(b)(2), (3), (5), and

FILED NOV - 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(6). Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. See Hepper v. Adams County, 133 F.3d 1094, 1096 (8th Cir.1998). Here, Petitioner falls short of this standard. Petitioner's arguments are essentially the same ones he offered in his original petition for relief pursuant to 28 U.S.C. § 2254, which this Court dismissed without prejudice for failure to exhaust state court remedies. Petitioner has not made an adequate showing of exceptional circumstances that this Court should set aside its denial of a Certificate of Appealability based on any of the factors in Rule 60(b)(2), (3), (5), or (6), or that it should set aside its judgment with respect to Petitioner's motions to proceed in forma pauperis and for a court-appointed counsel.

Accordingly, **IT IS HEREBY ORDERED** that:

Petitioner's Motion to Vacate/Set Aside this Court's Order of October 20, 2000 (Clerk Doc. 19) is **DENIED**.

Dated: November 8, 2000

Paul A. Magnuson
United States District Court Judge